**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HANFORD EXECUTIVE MANAGEMENT EMPLOYEE ASSOCIATION, CATHY CAIN, LOUIS CAMARA, GEORGE THOMAS DIBBLE, TIMOTHY IERONIMO, MARY ROSE LINDSAY, CARLOS MESTAS, SCOTT YEAGER, | ) ) ) ) ) ) ) ) | 1:11-cv-00828-AWI-DLB  ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT  (Doc. 70) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY OF HANFORD, HILARY STRAUS, DAN CHIN, SUE SORENSEN, JIM IRWIN, LOU MARTINEZ, JOLEEN JAMESON, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**I. INTRODUCTION**

Defendants City of Hanford et al. have filed a motion to dismiss the sixth, seventh and ninth causes of action in the second amended complaint of plaintiffs Hanford Executive Management Employee Association et al. pursuant to Federal Rule of Civil Procedure 12(b)(6).  For reasons discussed below, the motion shall be denied in its entirety.

## II. FACTS AND PROCEDURAL BACKGROUND[1]

On July 13, 2012, plaintiffs Hanford Executive Management Employee Association, Cathy Cain, Louis Camara, George Thomas Dibble, Timothy Ieronimo, Mary Rose Lindsay, Carlos Mestas and Scott Yeager ("Plaintiffs") filed their second amended complaint against defendants City of Hanford, Hilary Straus, Dan Chin, Sue Sorensen, Jim Irwin, Lou Martinez and Joleen Jameson ("Defendants") asserting causes of action for (1) violation of 42 U.S.C. § 1983 – freedom of speech, association and collective activity, (2) violation of 42 U.S.C. § 1983 – substantive due process, (3) violation of 42 U.S.C. § 1983 – procedural due process, (4) violation of Article I, § 2(A) and 3 of the California Constitution, California Civil Code § 52.1, (5) violation of Article I, §§ 7 and 19 of the California Constitution, California Civil Code § 52.1, (6) violation of Public Safety Officers Procedural Bill of Rights Act – California Gov. Code §§ 3300 et seq., (7) violation of Firefighters Procedural Bill of Rights Act – California Gov. Code §§ 3250 et seq., (8) injunctive relief, and (9) declaratory relief. On July 27, 2012, Defendants filed their motion to dismiss the sixth, seventh and ninth causes of action in the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,*

---

[1] The Court refers the parties to the orders issued November 17, 2011 (*Hanford Executive Management Association v. City of Hanford,* slip copy, 2011 WL 5825691 (E.D.Cal. 2011) (*Hanford I*)), February 22, 2012 (*Hanford Executive Management Association v. City of Hanford,* slip copy, 2012 WL 603222 (E.D.Cal. 2012) (*Hanford II*)) and June 12, 2012 (*Hanford Executive Management Association v. City of Hanford,* slip copy, 2012 WL 2159398 (E.D.Cal. 2012) (*Hanford III*)) for a partial chronology of the proceedings.

550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).  On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

***A. Sixth and seventh causes of action (violations of Public Safety Officers Procedural Bill of Rights Act – Cal. Gov. Code § 3300, et seq., and Firefighters Procedural Bill of Rights Act – Cal. Gov. Code § 3250, et seq.)*** – Defendants first move to dismiss Plaintiffs' sixth and seventh causes of action, brought on behalf of plaintiffs Mestas and Ieronimo, respectively, for violation of the Public Safety Officers Procedural Bill of Rights Act (POBRA), Cal. Gov. Code §§ 3300 et seq., and the Firefighters Procedural Bill of Rights Act (FFBOR), Cal. Gov. Code §§ 3250-3262. "As the title suggests, the Public Safety Officers Procedural Bill of Rights Act provides a catalogue of basic rights and protections which must be afforded all peace officers by the public entities which employ them. [Citation.] The Act bespeaks the Legislature's determination that, because labor unrest and strikes produce consequences extending far beyond local boundaries, the maintenance of stable employment relations between peace officers and their employers is a matter of statewide concern. [Citations.]"

*Binkley v. City of Long Beach,* 16 Cal.App.4th 1795, 1805, 20 Cal.Rptr.2d 903 (1993).  The statute provides in pertinent part, "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal," Cal. Gov. Code, § 3304, subd. (b); "punitive action" is defined as "any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment."  *Id*., § 3303.  "Apart from a transfer, the agency's  motive in taking any of such actions is irrelevant.  They are each per se punitive without regard to the agency's motivation."  *Otto v. Los Angeles Unified School Dist.,* 89 Cal.App.4th 985, 996, 107 Cal.Rptr.2d 664 (2001).  Importantly, POBRA "does *not* require a showing that an adverse employment consequence has occurred or is likely to occur.  It is sufficient if the [punitive action] 'may lead' to such consequences in the future." *Id*. at 997.

"With few exceptions that are not applicable to this case, [FFBOR] mirrors and is substantially the same as [POBRA]."  *Hanford I, supra,* 2011 5825691 at *13 n. 5.  As relevant here, FFBOR provides "[p]unitive action or denial of promotion on grounds other than merit shall not be undertaken by any employing department or licensing or certifying agency against any firefighter who has successfully completed the probationary period without providing the firefighter with an opportunity for administrative appeal." Cal. Gov. Code, § 3254, subd. (b).  As in POBRA, "punitive action" in FFBOR means "any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment."  *Id*., § 3251, subd. (c).

In its November 17, 2011 order granting Defendants' motion to dismiss these causes of action in the *original complaint* with leave to amend, the Court explained why Plaintiffs had previously failed to allege facts sufficient to state a plausible claim to relief: "Plaintiffs have not sufficiently alleged in their Complaint how the Hanford City Council's enactment of the March 15, 2011 amendments constituted a punitive action.  It is unclear how the Defendants' action were 'per se disciplinary' or 'punitive' in nature . . . .  Moreover, Plaintiffs have not sufficiently alleged how

the enactment of the amendments may lead to any of the adverse consequences at a future time." *Hanford I, supra,* 2011 WL 5825691 at *14.  The Court further found Plaintiffs had failed to allege facts indicating how the change in their employment status would impact their future career opportunities or that such change would negatively impact their ability to seek a promotion or transfer sometime in the future.  *Id.*  In its June 12, 2012 order granting Defendant's motion to dismiss these causes of action in the *first amended complaint* with leave to amend, the Court found Plaintiffs had not rectified the defects identified in the November 17, 2011 order.  *Hanford III, supra,* 2012 WL 2159398 at *15.  Plaintiffs have now rectified these defects in the second amended complaint.  Accordingly, Defendants' motion to dismiss these causes of action shall be DENIED.

**B. Ninth cause of action (declaratory relief)** – Defendants further move to dismiss Plaintiffs' ninth cause of action for declaratory relief, wherein Plaintiffs seek "a declaration that Defendants may not apply the Amended Rules to the individual Plaintiffs in order to: [¶] a. Convert the individual Plaintiffs from permanent employees with property rights in their employment to at-will employees; [¶] Revise the Seniority, Layoff and Bumping provisions to strip the individual Plaintiffs of the right to return to previously held positions and reemployment rights in the event of a layoff; [¶] c. Strip the disciplinary appeal rights from the individual Plaintiffs; [¶] d. Change the process by which the individual Plaintiffs progress through salary steps and create a right to deny what were previously automatic step increases on the grounds of 'average' performance; and [¶] e. Increase the individual Plaintiffs' contributions toward retirement, and decrease HANFORD's contributions toward retirement, for the individual Plaintiffs herein . . . ."  Having reviewed the second amended complaint, the Court finds Plaintiffs have alleged facts sufficient to state a plausible claim to relief.  Accordingly, Defendants' motion to dismiss this cause of action shall be DENIED.

"[D]eclaratory relief ' "operates prospectively, and not merely for the redress of past wrongs. It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventive justice, to

declare rights rather than execute them." [Citations.]' [Citations.]" *Baxter Healthcare Corp. v. Denton,* 120 Cal.App.4th 333, 360, 15 Cal.Rptr.3d 430 (2004). Stated differently, "declaratory relief is designed in large part as a practical means of resolving controversies, so that parties can conform their conduct to the law and prevent future litigation." *Meyer v. Sprint Spectrum L.P.,* 45 Cal.4th 634, 648, 88 Cal.Rptr.3d 859, 200 P.3d 295 (2009). In its June 12, 2012 order granting Defendant's motion to dismiss this cause of action in the first amended complaint, the Court stated as follows:

> "According to the allegations, Defendants have *already amended* the City of Hanford's Rules and Regulations to alter Plaintiffs' employment rights. Thus, in seeking a declaration that Defendants should not be permitted to do *things they have already done,* Plaintiffs are not seeking a prospective declaration of rights. Instead, Plaintiffs are essentially seeking to revert back to the status quo ante as of March 14, 2011 – the day before their rights were altered. Such a request would more appropriately be subsumed within their request for injunctive relief. Furthermore, the gravamen of Plaintiffs' claims, inasmuch as the Court can discern from the pleadings, is *not* that Defendants were prohibited from altering Plaintiffs' employment rights; the gravamen of Plaintiffs' claims is that Defendants were prohibited from altering Plaintiffs' employment rights *without due process of law.* Plaintiffs have provided no authority – and the Court's research reveals no authority – to suggest Defendants were categorically barred from enacting the amendments at issue under the facts presented here, and none of Plaintiffs' substantive causes of action entitle them to the relief requested.[2] Accordingly, Defendants' motion to dismiss the ninth cause of action for declaratory relief shall be granted with one final opportunity to amend."

*Hanford III, supra,* 2012 WL 2159398 at *16. The Court finds Plaintiffs have now addressed these issues by alleging facts sufficient to state a plausible claim to declaratory relief. The one material difference between the allegations in the first and second amended complaints is minor but significant. In the first amended complaint, Plaintiffs had sought a declaration that "Defendants *may not*: [¶] a. Convert Executive Management Employees from permanent employees with property rights . . . ." (Emphasis added.) Plaintiffs now seek a declaration that "Defendants *may not apply the Amended Rules to the individual Plaintiffs in order to*: [¶] a. Convert the individual Plaintiffs

---

[2] In the original complaint, Plaintiffs asserted two causes of action for violations of the Contract Clauses of the federal and California Constitutions alleging they were guaranteed certain contractual rights relating to their employment with the City of Hanford which Defendants could not unilaterally modify or impair. The Court dismissed those causes of action with leave to amend, *Hanford I, supra,* 2011 WL 5825691 at *5-*8, and subsequently denied reconsideration of the dismissal. *Hanford II, supra,* 2012 WL 603222 at *6-*11. Plaintiffs did not reassert these causes of action in the first or second amended complaints.

from permanent employees with property rights . . . ." (Emphasis added.). Because Plaintiffs have alleged facts sufficient to show the City of Hanford's Rules and Regulations were amended in violation of their due process rights, the foregoing declaration is one Plaintiffs may properly seek.

## V. DISPOSITION

Based on the foregoing, Defendants' motion to dismiss the sixth, seventh and ninth causes of action in the second amended complaint as against them is DENIED. The hearing date of September 10, 2012 is hereby VACATED.

IT IS SO ORDERED.

Dated:    August 8, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE