# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANFORD EXECUTIVE MANAGEMENT EMPLOYEE ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HANFORD, et al., <br><br> Defendants. | Case No. 1:11-cv-00828-AWI-SAB <br><br> ORDER RE: MOTIONS TO COMPEL AND MOTION TO QUASH |

On September 25, 2013, the Court held a hearing on Plaintiffs' motions to compel and Defendants' motion to quash. At the hearing, the Court ordered the parties to submit further briefing and evidence.

After reviewing the parties' filings, the Court finds it necessary to conduct an <u>in camera</u> review of the documents that Defendants claim are privileged. Accordingly, the Court will order Defendants to submit the documents to the Court.

In order to aid the Court's review, the Court will order Defendants to produce the documents in PDF format. The Court will further require Defendants to produce the following documents compiled in three separate PDF files:

1. All documents listed in Defendants' privilege log that were withheld on the basis of the attorney-client privilege;

2. All documents listed in Defendants' privilege log that were withheld on the basis of the work product doctrine; and

3. All documents listed in Defendants' privilege log that were withheld on the basis of the closed session privilege.

The aforementioned documents shall include any documents that were identified as "attachments" in Defendants' privilege log and withheld on the basis of privilege. Each of the three categories of documents shall also include an index that identifies each separate document by number so the Court can refer to each document using an identifier that does not reveal the document's contents.

Further, at the hearing, Defendants indicated that certain documents were not produced in response to Plaintiffs' requests for production on the grounds that such documents were in the possession of Scott Nelson and not in Defendants' "possession." Defendants further indicated that the city attorney had possession of copies of these documents. It appears that Plaintiffs were not aware that documents were withheld on this basis. Accordingly, the Court will order the parties to file briefing on the issue. See Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("...actual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.") Defendants shall also include a privilege log to the extent that they contend that any documents withheld on this basis are also privileged.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Defendants shall provide copies of the documents identified above to the Court for in camera review in the format specified by mailing the documents as attachments to an e-mail sent to saborders@caed.uscourts.gov no later than Friday, October 4, 2013;

2. No later than Friday, October 4, 2013, Defendants shall file, via CM/ECF, a brief on the issue of whether the documents in Mr. Nelson's possession should be produced in response to Plaintiffs' request for production. Defendants shall also

include a privilege log detailing any privileges applicable to these documents; and

3. No later than Friday, October 11, 2013, Plaintiffs shall file, via CM/ECF, a responsive brief on the issue of the documents in Mr. Nelson's possession.

IT IS SO ORDERED.

Dated: **September 30, 2013**

UNITED STATES MAGISTRATE JUDGE

3