UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HANFORD EXECUTIVE MANAGEMENT EMPLOYEE ASSOCIATION et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF HANFORD et al.,**<br><br>**Defendants.** | **CASE NO. 1:11-CV-828 AWI SAB**<br><br>**ORDER RE REQUESTED CORRECTIONS TO PRETRIAL ORDER** |

On February 13, 2014, this Court issued the Pretrial Order in the above entitled action. ECF Doc. 124. The Court invited the parties to submit any requested corrections, additions, or deletions to any of the provisions of the Pretrial Order within ten (10) days of its issuance. Plaintiffs did so on February 24, 2014.

Initially, Plaintiffs are correct that Fact No. 24 ("The Court has found that there is no genuine dispute of material fact as to whether Plaintiffs had recognizable property interests under the City of Hanford Rules and Regulations pursuant to the Court's ruling on the Order Re: Motions for Summary Judgment filed on January 29, 2014 (Doc. 119, p. 16, lines 13-17)") and Fact No. 25, ("The Court has found that the Plaintiffs were entitled to protection by the Due Process Clause of the Fourteenth Amendment (Order Re: Motions for Summary Judgment, Doc. 119, p. 16, lines 13-17).") despite both being listed in Section III(B) - Disputed Facts, are undisputed. Plaintiffs first and second proposed corrections are therefore approved; Facts No. 24 and 25 are moved to Section III(A) – Undisputed Facts.

Next, in Section XVII – Attorneys' Fees – at page 38, line 28, the word "Plaintiff" is changed to read "Plaintiffs".

Finally, Plaintiffs object to the inclusion of Defendants' absolute and qualified immunity defenses because they were not pled in the Answer. Federal Rule of Civil Procedure 8(c) requires that any avoidance or affirmative defense must be stated in a defendant's first responsive pleading in order to avoid waiver. F. R. Civ. Proc. 8(c); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005). Defendants did not claim immunity as a defense in their Answer. However, Defendants argued their entitlement to absolute and qualified immunity in their motion to dismiss filed on June 14, 2011. ECF Doc. 12-1 at pp. 14-19. A motion to dismiss is not a responsive pleading within the meaning of the Federal Rules of Civil Procedure. However, the Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Lewis v. Russell*, 838 F.Supp.2d 1063, 1070 (E.D. Cal. 2012) (citing *Magana v. Commonwealth of the N.Mar.I.,* 107 F.3d 1436, 1446 (9th Cir. 1997)). A defendant may raise an affirmative defense for the first time in a dispositive motion where the delay does not prejudice the plaintiff. *Lewis, supra,* 838 F.Supp.2d 1070. The motion to dismiss was the first document filed by Defendants and it was adequate to place Plaintiffs on notice that Defendants did and would assert absolute and qualified immunity as affirmative defenses. Plaintiffs are not prejudiced by the Defendants having raising their immunity defense in the motion to dismiss rather than their Answer. Defendants' immunity defenses are not waived and Plaintiffs' objection to their inclusion in the Pretrial Order is therefore overruled.

IT IS SO ORDERED.

Dated:   March 3, 2014                          _____
                                                SENIOR DISTRICT JUDGE

2